CHARLES WM. ROBERTS, Judge,
Pro Tern, (concurs in part and dissents in part and assigns reasons).
I concur with the majority that the sentence imposed was not excessive and that the trial court did comply with the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1. The trial court considered mitigating factors, adequately articulated aggravating circumstances and sufficiently complied with the law.
I also concur that this matter should be remanded to the trial court for sentencing on the misdemeanor conviction. However, I respectfully dissent from the majority’s statement that the defendant received a felony sentence for a misdemeanor conviction. The sentencing colloquy shows that the trial court did discuss both convictions (pleas) but then addressed the felony at length and imposed one sentence. My appreciation 'of the record is that the trial court did not impose a felony sentence for a misdemeanor; but, instead, inadvertently failed to impose any sentence for the misdemeanor.
I respectfully dissent from the majority’s finding of an error patent on the face of the record with reference to an illegal sentence on the felony theft conviction. I do not agree that, when' a sentence of imprisonment is imposed and the defendant placed on probation subject to specific conditions, the underlying prison sentence and the conditions of probation constitute one sentence. The defendant in this case was not sentenced to two years in the parish prison. He was sentenced to five years at hard labor in the state penitentiary. This sentence was suspended under conditions permitted by LSA-C.Cr.P. Article 895, one of the conditions being that he serve a term of imprisonment in the parish jail for two years. This is a permissible condition of probation under a suspended sentence. LSA-C.Cr.P. Article 895(B). By its terms, LSA-C.Cr.P. Article 880, which requires credit for time served in custody, applies only to the imposition of a sentence, not to the conditions of probation under a suspended sentence.